UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARILYN DRANOFF,

                        Plaintiff,

        -against-

SAM'S EAST, INC.,

                        Defendant.
-------------------------------------------------------------------x

16-CV-6482 (CS)

**OPINION AND ORDER**

Appearances:

Courtney Campbell
Sobo & Sobo, LLP
Middletown, New York
*Counsel for Plaintiff*

Patricia A. O'Connor
Brody, O'Connor & O'Connor, Esqs.
Northport, New York
*Counsel for Defendant*

Seibel, J.

Before the Court is the Motion for Summary Judgment of Defendant Sam's East, Inc., (Doc. 22). For the following reasons, Defendant's Motion is GRANTED.

**I.**  **Background**

The following facts are based on Defendant's Local Civil Rule 56.1 Statement of Material Facts, (Doc. 24 ("D's 56.1 Stmt.")), Plaintiff Marilyn Dranoff's Counter-Statement thereto, (Doc. 29 ("P's 56.1 Stmt. & Resp.")), and the supporting materials. The facts are undisputed except where noted.

    A.  Facts

On October 14, 2013, Plaintiff was walking down the main aisle at Defendant's Middletown Sam's Club (the "Club") when, after walking approximately forty feet, she "slipped

1

on water and fell" in front of the fresh flower display. (P's 56.1 Stmt. & Resp. ¶¶ 1, 2, 5-7.) A video of the Club on the day in question shows two individuals pushing shopping carts before the fall in the general area where Plaintiff fell. (*Id.* ¶¶ 44-45.) Defendant asserts that the first individual was an unidentified customer, but does not allege any identity as to the second. (*Id.*) Plaintiff contends that the second individual was an employee of the Club because he is wearing a blue vest and white name tag and appears to be restocking shelves with items in his shopping cart. (*Id.* ¶ 45.) Plaintiff further notes that the individual is likely an employee because he passed by the relevant location four times in the hour prior to the fall, including one minute before. (*Id.*) The Court's review of the video, (O'Connor Aff. Ex. J),[1] however, reveals that it is impossible to tell whether the same person passed by all four times, (*see* note 8 below).

Plaintiff did not see water on the floor before her fall. (P's 56.1 Stmt. & Resp. ¶ 8.) After falling she remained on the floor for one to two minutes, (*id.* ¶ 9), and observed that the floor was wet where she fell, (*id.* ¶ 10), and that there was a flower display nearby, (*id.* ¶ 12). The Club sold pre-made bouquets in little buckets that contained some water. (*Id.* ¶¶ 24-26.) In the hour before the fall, four customers took bouquets from the display, the fourth eighteen minutes before Plaintiff fell. (O'Connor Aff. Ex. J.) Plaintiff testified that "[i]t seemed obvious that the flower display was leaking some water" but admits that she cannot be certain that she saw water leaking from the display. (P's 56.1 Stmt. & Resp. ¶¶ 14-15; O'Connor Aff. Ex. D, at 28-29.)

After being helped to her feet by two customers, Plaintiff and another female approached Miriam Rodriquez, a Club employee. (P's 56.1 Stmt. & Resp. ¶¶ 11, 17, 18, 19.) According to

---

[1] "O'Connor Aff." refers to the Affidavit of Patricia O'Connor in Support of Defendant's Motion for Summary Judgment, (Doc. 23).

Ms. Rodriquez, Plaintiff told her that she had fallen by the flowers and mentioned that there was water on the floor. (*Id.* ¶¶ 20-21.) Danielle Grosskopf, an assistant manager of the Club, was then made aware of the situation. (*Id.* ¶¶ 22, 23, 27.) Plaintiff filled out a customer accident report saying that she slipped on water and fell by the flower display, which is consistent with her deposition testimony and the video. (*Id.* ¶ 29; O'Connor Aff. Exs. D, G, J.) Ms. Grosskopf inspected the accident scene and took a photograph of the floor where Plaintiff fell. (P's 56.1 Stmt. & Resp. ¶¶ 31, 33.) Water drops are observable in the photograph that Ms. Grosskopf took of the scene. (*Id.* ¶ 35; O'Connor Aff. Ex. I.) She then instructed maintenance to clean up the water from the floor. (P's 56.1 Stmt. & Resp. ¶ 32.) Ms. Grosskopf filled out the Club's accident report where she wrote that there were "just a few drops of wate[r]," where Plaintiff fell. (*Id.* ¶ 30; O'Connor Aff. Ex. H.)

B. Procedural History

On December 28, 2015, Plaintiff filed this action in the New York Supreme Court in Orange County asserting a negligence claim. (Doc. 2 Ex. A.) On August 16, 2016, the case was removed to this Court on diversity grounds. (*Id.*) On January 3, 2017, a pre-motion conference was held at which Defendant's potential motion for summary judgment was discussed. On January 20, 2017, Defendant moved for summary judgment. (Doc. 22.)

II. **Legal Standard**

"[T]he issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny, and accordingly is subject to federal rather than state law." *Tingling v. Great Atl. & Pac. Tea Co.*, No. 02-CV-4196, 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and he "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials . . . ." Fed. R. Civ. P. 56(c)(1). Where an affidavit is used to support or oppose the motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

## III.   Discussion

Under New York law, a plaintiff asserting a negligence claim must demonstrate "(1) a duty owed by the defendant and to the plaintiff; (2) a breach thereof; and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal quotation marks omitted). In the context of premises liability and slip and fall cases, "the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004); *see Gorecki v. Painted Pony Championship Rodeo, Inc.*, 6 F. App'x 103, 105 (2d Cir. 2001) (summary order) (proving breach of duty requires showing existence of dangerous condition and that defendant either created it or had actual or constructive notice of it). While in New York state court the Defendant would have to demonstrate it neither created the condition nor had notice of it, in federal court the Defendant, as the moving party, may point to the absence of evidence that it caused or had notice of the hazard, and thereby shift the burden to the Plaintiff to create an issue for trial through specific

5

factual assertions. *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 400-01 (E.D.N.Y. 2010). In other words, in federal court the absence of evidence at the summary judgment stage redounds to the detriment of the Plaintiff, not the Defendant.

    A.   <u>Creation of the Condition</u>

In order to demonstrate that a defendant created a hazardous condition, a plaintiff must point to "some affirmative act" on the part of the defendant. *Gonzalez*, 299 F. Supp. 2d at 192 (internal quotation marks omitted); *see Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335, 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009) ("To establish that a defendant created a hazard, a plaintiff must show that the creation was an affirmative, deliberate and intentional act by defendant.") (alteration and internal quotation marks omitted). Although circumstantial evidence "may be sufficient to defeat a motion for summary judgment" if it creates an inference that a defendant created the condition through affirmative acts, "[a] plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard." *Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886, 2017 WL 568761, at *5 (S.D.N.Y. Feb. 10, 2017) (internal quotation marks omitted).

There is no evidence regarding how the water ended up on the floor. Plaintiff saw the water after she fell but neither her testimony and report, nor the other evidence in the record, reveals anything about the source of the water. (Ps' 56.1 Stmt. & Resp. ¶ 10; *see generally* O'Connor Aff. Exs. D, G.)[2] The photograph and video footage add nothing to the story of how the water ended up on the floor of the Club on October 14, 2013. (O'Connor Aff. Exs. I, J.) The photograph shows that there was water on the floor when Ms. Grosskopf returned to the scene to

---

[2] Plaintiff's surmise that the display was leaking is insufficient because she provided no factual basis for her comment and indeed admitted she did not see any water leaking. *See Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) ("Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact.") (alteration and internal quotation marks omitted).

6

take a photograph but does not reveal anything about how it got there. Similarly, the video footage of the Club during the night in question shows carts passing the relevant site before and after Plaintiff's fall but does not reveal how or when the water ended up where it did. Plaintiff's theory that because the water photographed on the floor after Plaintiff's fall was "undisturbed by a fall or rolling wheels," (P's Mem. at 10),[3] it must have leaked from the flower display after Plaintiff fell, and therefore the water on which Plaintiff slipped must also have leaked from the display, is pure speculation. It does not suffice to prove an affirmative act by Defendant that caused the water to be on the floor. *See Hartley v. Waldbaum, Inc.*, 893 N.Y.S.2d 272, 272-73 (App. Div. 2d Dep't 2010) ("The plaintiff contended that the water came from a display containing trays of shrimp on top of crushed ice. However, the plaintiff failed to proffer any evidence that would tend to show that the water in the display was not draining properly or was leaking onto the floor . . . . [P]laintiff failed to raise a triable issue of fact as to whether the puddle of water came from the nearby shrimp display or whether the defendants had constructive notice of the puddle."); *Cerkowski v. Price Chopper Operating Co.*, 891 N.Y.S.2d 192, 194-95 (App. Div. 3d Dep't 2009) ("Plaintiffs' theory – that the liquid in which plaintiff fell was water from the flower display and that defendants created a dangerous condition by placing the display in that location without mats underneath to catch water drops – is based upon conjecture and speculation and must fail due to the absence of an affidavit or testimony from a qualified expert") (alterations and internal quotation marks omitted); *Dwoskin v. Burger King Corp.*, 671 N.Y.S.2d 494, 495 (App. Div. 2d Dep't 1998) ("Since the plaintiff submitted no proof, only speculation, that the puddle of water and ice on the floor was in fact caused by the ice machine at

---

[3] "P's Mem." refers to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, (Doc. 30).

the beverage counter, the defendant is entitled to summary judgment dismissing the complaint.");
*Goldman v. Waldbaum, Inc.*, 669 N.Y.S.2d 669, 670 (App. Div. 2d Dep't 1998) (summary judgment appropriate where customer who slipped near lettuce display "submitted no proof, only speculation, that the wetness on the floor was in fact caused by spraying of the produce"). Plaintiff admits that it is "insufficient to argue that the very existence of water on the floor signals that the Defendant affirmatively created the dangerous condition that caused [Plaintiff to] fall," (P's Mem. at 9), yet that is the only argument Plaintiff advances.

To the extent Plaintiff's argument is that Defendant created the condition simply by placing the flower bouquets on display in water, it fails. *See Cousin*, 2009 WL 1955555, at *6 ("[T]he mere presence of a self-service beverage station in the restaurant, by itself, does not tend to prove that defendant created the hazard."); *Cooper v. Pathmark Stores, Inc.*, 998 F. Supp. 218, 220 (E.D.N.Y. 1998) ("The mere fact that a puddle of liquid originated from store merchandise does not establish the creation of the puddle, because, the puddle is not a direct consequence of the defendant's passive activity of providing merchandise for sale."); *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 330 (E.D.N.Y. 1998) (mere fact that hotel supplied coffee "does not establish the creation of the puddle, because, the puddle is not a direct consequence of the defendant's passive activity of providing guests with coffee").

Plaintiff relies on *Williams v. KFC National Management Co.*, 391 F.3d 411 (2d Cir. 2004), which involved grease outside of a fast-food restaurant. *Id.* at 414. The number of ways that grease – which unlike water is not a ubiquitous substance – could end up on a sidewalk is limited. There was "significant testimony from the assistant manager of the restaurant establishing that [defendant's] trash bags had leaked on occasion, that the bags contained greasy food residue, and that the dumpster area behind the restaurant was dirty on the date of

8

[plaintiff's] accident," all of which supported "the inference that [defendant] was responsible for the greasy conditions." *Id.* at 422. "[T]he probability that someone other than [defendant] was responsible for the grease [was] sufficiently 'remote' or 'technical' in comparison to the explanation [plaintiff] offered." *Id.* Here, given the prevalence of drinking from water bottles and the like, and other possible sources of water in the store, the probability that the wet condition was created by someone other than Defendant is not "remote" or "technical" as in *Williams*. There is simply no evidence suggesting that Defendant or its employees did anything that caused the water to end up on the floor.

The other cases on which Plaintiff relies similarly involved evidence – direct or circumstantial – that could support the conclusion that a defendant engaged in acts that created the relevant hazardous condition. *See Clark v. Cumberland Farms, Inc.*, No. 12-CV-1508, 2014 WL 2778947, at *5 (N.D.N.Y. June 19, 2014) (plaintiff provided evidence that "[d]efendant may have created the dangerous condition either by: (1) dumping mop waste water onto the handicap ramp or sidewalk that later froze; or (2) failing to repair a pre-existing hole in the roof overhang through which water dripped and froze"); *Carlucci v. Wal-Mart Stores E., LP*, No. 12-CV-1432, 2014 WL 12543820, at *1, 3 (S.D.N.Y. Mar. 10, 2014) (plaintiff struck by boxes from a display proffered evidence that would allow jury to reasonably conclude "(1) that Wal-Mart negligently failed to utilize a 'lip' [on the shelves] and (2) that the lack of a 'lip' was the proximate cause of plaintiff's alleged injuries"); *Jimenez v. Sys.-Freight, Inc.*, No. 07-CV-935, 2010 WL 2653358, at *1-2 (E.D.N.Y. June 25, 2010) (plaintiff alleged "that the defendant's truck hit the wall of the warehouse in which plaintiff was working thereby causing boxes that were stacked along the wall to fall on the plaintiff resulting in his injury," and "three of plaintiff's co-workers testified that they heard a noise immediately before they saw the boxes fall on the defendant," and

"[i]mmediately after the boxes fell, all three witnesses looked out the window that was above where the boxes were stacked and saw the front of a red truck which was backing away from the building," and "[t]here [wa]s no dispute that all of defendant's trucks were red and regularly parked nose first against the wall that plaintiff claims was struck by the defendant's truck"); *Olsen v. K Mart Corp.*, No. 04-CV-3648, 2005 WL 2989546, at *1, 6-7 (E.D.N.Y. Nov. 8, 2005) (where plaintiff tripped over case of Spaghetti-O's and fell in aisle, "the very location of the box, a slight distance from the shelved Spaghetti-O's, could lead a reasonable jury to infer that the box was overlooked by the stock-associate when he completed his stocking of the pantry-aisle, rather than that a customer hefted the sixteen pound box down the aisle").

On the record in this case it remains a mystery how the water ended up where it did. Defendant has pointed to this lack of evidence that it created the condition, and Plaintiff in response has adduced no proof of any affirmative act by Defendant that would suggest that Defendant created the hazard.[4] Accordingly, Defendant is entitled to summary judgment on the issue of whether it created the hazardous condition.

B. Constructive Notice[5]

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Nat. History*, 492 N.E.2d 774, 775 (N.Y. 1986). "[I]n cases where the plaintiff is unable to establish how long the condition causing the accident existed prior to the accident, courts have entered summary judgment in favor of the defendant."

---

[4] For example, not only is there no evidence of a leak, but there is no evidence that before the fall one of Defendant's employees was stocking the flower bouquets, putting water in the flower buckets, or otherwise engaged in an activity related to, or near, where Plaintiff fell.

[5] Plaintiff does not argue that Defendant had actual notice of the water on the floor.

10

*Stephanides v. BJ's Wholesale Club, Inc.*, No. 12-CV-83, 2013 WL 1694901, at *5 (E.D.N.Y. Apr. 18, 2013) (collecting cases).[6]

The only evidence regarding the water's existence comes from the observations of Plaintiff and Ms. Grosskopf. (P's 56.1 Stmt. & Resp. ¶¶ 10, 35; O'Connor Aff. Exs. G, H, I.) The photograph Ms. Grosskopf took was of undisturbed water on the floor after the fall, which Plaintiff concedes could not have been the water on which she fell. (P's 56.1 Stmt. & Resp. ¶¶ 31, 33, 35; P's Mem. at 10.) There is no evidence as to how long before the fall the water on which she fell had been on the floor or whether the condition was visible and apparent to anyone. Because Plaintiff proffers no evidence showing that the water on the floor was visible or apparent for a sufficient time before the fall, the Court cannot infer that Defendant had constructive notice of it.[7] Therefore, Plaintiff has failed to meet her burden of presenting facts from which a jury could conclude that Defendant had constructive notice of the dangerous condition. *See Aggrey v. Stop & Shop Supermarket Co.*, No. 00-CV-7999, 2002 WL 432388, at *4 (S.D.N.Y. Mar. 19, 2002) (granting summary judgment for defendant where although plaintiff "contends that she was on the cashier's line for thirty minutes, during which time she saw no

---

[6] Plaintiff incorrectly argues that Defendant has the burden of proving "when the area in question was last cleaned or inspected relative to the time when the [P]laintiff fell." (Ps' Mem. at 13-15; *see also id.* at 17 ("Without evidence of prior inspection, Defendant allows issues of fact to proliferate"); Campbell Aff. ¶ 3 ("[T]he Defendant failed to state when the area was last inspected relative to the time of the accident.").) "Campbell Aff." refers to the Affidavit of Courtney Campbell in Opposition to Defendant's Motion for Summary Judgment, (Doc. 28). As discussed above, federal law governs the procedural issue of what burdens apply at this stage, and once Defendant points to lack of evidence of notice, the onus is on Plaintiff to present affirmative evidence in support of her claim. *See Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886, 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017) ("[B]ecause the burden of proof on a motion for summary judgment is procedural and federal law applies, Defendant may meet its burden by showing . . . that there is an absence of evidence to support the nonmoving party's case, but need not raise a prima facie case. If Defendant meets that burden, the burden then shifts to Plaintiff to present evidence on each element of the claim and demonstrate that a genuine issue of material fact exists for trial.") (citations and internal quotation marks omitted).

[7] Plaintiff points to the facts that customers took flowers from the display four times in the hour before she fell and that an employee of Defendant passed by three times thereafter, (P's Mem. at 5), but these facts do not show that a customer taking flowers was the source of the water on which Plaintiff fell or that any such water was visible or apparent.

customer purchasing grapes, the undisputed evidence shows that there were several open cashier stations and that several customers left the store while she was waiting in line. Any one of those customers could have dropped one or more grapes in the exit aisle. Accordingly, there is no way to determine, or even infer, when the offending grape(s) came to be on the floor. In the absence of any circumstances suggesting that the grape(s) had been on the floor for an extended period, the Court would consequently be required to engage in sheer speculation to find the constructive notice element met in this case."); *Gordon*, 492 N.E.2d at 775 ("The record contains no evidence that anyone, including plaintiff, observed the [paper on which plaintiff slipped] prior to the accident. Nor did he describe the paper as being dirty or worn, which would have provided some indication that it had been present for some period of time. Thus, on the evidence presented, the piece of paper that caused plaintiff's fall could have been deposited there only minutes or seconds before the accident and any other conclusion would be pure speculation.") (citation omitted); *Rojas v. Supermarkets Gen. Corp.*, 656 N.Y.S.2d 346, 348 (App. Div. 2d Dep't 1997) ("[T]he evidence was just as consistent with a finding that someone dropped the grapes and crushed them while pushing a shopping cart through the aisle shortly before the plaintiff fell. Thus, any finding that the grapes had been on the floor for any appreciable period of time would be mere speculation. Accordingly, the defendant was entitled to judgment as a matter of law.") (internal quotation marks omitted).

While not explicitly advanced, an argument that Defendant was on constructive notice based on Plaintiff's assertion that a Club employee had walked around the relevant area four times before the fall would also fail because there is no evidence that the water was visible and apparent.[8] Plaintiff has proffered no evidence showing how much water was on the floor, how

---

[8] Defendant oddly does not respond to Plaintiff's assertion that an employee of Defendant passed by the area four times before the fall at 6:58, including one minute before. While it is clear from the video that a man in a blue vest

12

big of an area it took up, or any other information that would allow the Court to infer how visible and apparent the water was. Even assuming that the water in Ms. Grosskopf's photograph, (O'Connor Aff. Ex. I), is the water on which Plaintiff slipped – which Plaintiff concedes it was not, (*see* P's Mem. at 10) – it is not possible to tell from that photograph how big the wet area was. Therefore, even if one of Defendant's employees did indeed walk by the flower display moments before the fall, because there is no evidence that the water was visible and apparent, the Court cannot infer that Defendant had constructive notice of the dangerous condition. *See Gunzburg v. Quality Bldg. Servs. Corp.*, 26 N.Y.S.3d 274, 276 (App. Div. 1st Dep't 2016) (no constructive notice of "clear droplets in a small area less than two feet in diameter" that were not visible or apparent); *Cerkowski*, 891 N.Y.S.2d at 192 (water the size of a pancake not visible or apparent); *Joseph v. Chase Manhattan Bank*, 716 N.Y.S.2d 390, 391 (App. Div. 1st Dep't 2000) ("The action was properly dismissed absent any evidence as to the size of the puddle on which plaintiff allegedly slipped . . . ."); *Nearchou v. Broadway Mall Props., Inc.*, 705 N.Y.S.2d 286, 287 (App. Div. 2d Dep't 2000) (granting summary judgment where "small spots of clear water were not visible and apparent"); *Eaton v. Pyramid Co. of Ithaca*, 628 N.Y.S.2d 884, 884 (App. Div. 3d Dep't 1995) (no constructive notice where water was size of a circle formed by thumb and forefinger).

"Under *Celotex*, the burden on the moving party may be discharged by a showing . . . that there is an absence of evidence to support the nonmoving party's case. Because [D]efendant has done so here," and Plaintiff has not in response presented evidence raising genuine issues of

---

with a name tag passes by at 6:17 and 6:54, the Court could not tell from the video that the same person was the one who passed by at 6:49 and 6:57, or even that that person was an employee. I will assume for the sake of argument that Plaintiff has at least raised an issue of fact as to whether the person who passed by at 6:49 and 6:57 was an employee.

material fact, summary judgment is granted. *Tingling*, 2003 WL 22973452, at *2 (citation and internal quotation marks omitted).

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment, (Doc. 22), is GRANTED. The Clerk of Court is directed to terminate the pending Motion, (Doc. 22), enter judgment for the Defendant, and close the case.

**SO ORDERED.**

Dated: April 20, 2017

White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.